# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| BANK OF THE OZARKS, ) | |
| ) | |
| Plaintiff, ) | Civil Action |
| ) | File No. 3:14-cv-00092-TCB |
| v. ) | |
| ) | |
| WALTER HYNES BARNES ) | |
| and LISA H. BARNES, ) | |
| ) | |
| Defendants. ) | |

## ORDER DISCHARGING RECEIVER, TERMINATING RECEIVERSHIP, AND CLOSING CASE

**IT APPEARING TO THIS COURT** that on June 26, 2014, this Court entered an "Order Appointing Receiver" (the "Receivership Order") [ECF No. 9] appointing Joseph L. Briner (the "Receiver") as Receiver for certain real property then owned by Defendant Walter Hynes Barnes ("Hynes Barnes") and securing "Note No. 1" as that term is defined in Plaintiff's Complaint, as specifically identified on Exhibit "A" to the Receivership Order (the "Property"), so as to create a receivership estate to be managed by the Receiver pending further order of this Court (the "Receivership"); and

**IT FURTHER APPEARING TO THIS COURT** that on or about September 19, 2014, the Court entered a Consent Final Judgment on Note No. 1 [ECF No. 17]; and

**IT FURTHER APPEARING TO THIS COURT** that the Receivership Order specifically provides for and permits the foreclosure on the real property collateral securing Note No. 1 by Plaintiff under the terms of Plaintiff's Loan Documents, see ECF No. 9 at ¶¶ 15-16, and that the Receivership Order further provides in pertinent part that, "In the event of a foreclosure by Plaintiff, the receivership created by this Order and the authority of the Receiver to act in connection with the operation, management, and control of so much of the property foreclosed upon shall cease." Id. at ¶ 16; and

**IT FURTHER APPEARING TO THIS COURT** that on November 4, 2014, Plaintiff conducted a foreclosure sale of the real property collateral securing Note No. 1 (the "Foreclosure"), that pursuant to the terms of the Receivership Order, the Receivership ceased as a result of the Foreclosure, and that Mr. Briner has complied with his obligations found in paragraph 16 of the Receivership Order and otherwise; and

**IT FURTHER APPEARING TO THIS COURT** that this Court has previously entered final judgment on all claims in this action, see ECF Nos. 15 and

17, and that the only remaining item requiring the Court's attention prior to closing this action, is the release of the Receiver; and

**IT FURTHER APPEARING TO THIS COURT** that on or about November 18, 2014, Plaintiff, Bank of the Ozarks, filed with this Court its "Status Report and Motion to Terminate Receivership" (the "Motion"), and served the Motion on all parties through the Court's electronic notice and filing system; and

**IT FURTHER APPEARING TO THIS COURT** that no parties have filed an objection to the relief that Plaintiff seeks in the Motion; now, therefore

**THIS COURT** having considered the Motion and the entire record in this case, this Court makes the following findings of fact:

1. Reasonable notice of the Motion has been provided to all interested parties.

2. The Receiver has managed, preserved, protected, and maintained the Property and the other assets of the Receivership Estate in a reasonable, prudent, diligent, and efficient manner.

3. The Foreclosure resulted in the conveyance of the Property in fee simple to Plaintiff. Accordingly, the Receiver no longer has any assets to be administered, thus defeating the continued purpose of the Receivership.

4. The Receiver has fully performed and discharged his duties, responsibilities, and obligations under the Receivership Order, and the grounds for the Receivership no longer exist.

Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Motion is **GRANTED.**

2. Joseph L. Briner is hereby discharged of all duties, responsibilities and obligations, and liabilities in connection with his administration of the Property, the Receivership, and the Receivership Estate.

3. The Receivership imposed by this Court under the Receivership Order is hereby terminated, and the Receivership Estate is closed.

4. The Receiver, and all persons and entities engaged or employed by the Receiver, are, and shall forever be, discharged of any liability arising from or out of the Receivership to any parties whatsoever.

5. To the extent any dispute arises concerning the Receiver's administration of the assets entrusted to him, or to the extent that any person or entity seeks to pursue or assert any claim or action against the Receiver arising out of, or related to, his duties as Receiver in this case, this Court retains exclusive jurisdiction to hear and resolve any such disputes or claims.

6. There being nothing further to decide, this action is **ORDERED CLOSED.**

**SO ORDERED**, this  21st  day of  November , 2014.

_____
Timothy C. Batten, Sr.
United States District Judge